UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00339-JPH-DML |
| | ) | |
| DERRICK HART, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION IN LIMINE

Derrick Hart was charged with seven counts in the Superseding

Indictment.  *See* dkt. 49.  The government dismissed counts 3 and 6, and Mr.

Hart pleaded guilty to counts 1, 2 and 7.  The counts remaining for trial, 4 and

5, respectively allege attempted carjacking on June 6, 2018, and brandishing a

gun during and in relation to that carjacking.  Dkt. 49.  The government has

filed a notice of intent to introduce 404(b) evidence and a corresponding motion

in limine.  Dkt. [92].  For the reasons that follow, that motion is **GRANTED**.

## I.
## Applicable Law

"Motions in limine are well-established devices that streamline trials and

settle evidentiary disputes in advance, so that trials are not interrupted mid-

course for the consideration of lengthy and complex evidentiary issues."

*United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).  Still, orders in

limine are preliminary and "subject to change when the case unfolds" because

actual testimony may differ from a pretrial proffer.  *Luce v. United States*, 469

U.S. 38, 41 (1984).  A trial judge does not bind himself by ruling on a motion in

1

limine and "may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## II.
## ANALYSIS

Count 4 of the superseding indictment charges Mr. Hart with Attempted Carjacking under 18 U.S.C. § 2119. Dkt. 49 at 2. A person is guilty of attempted carjacking if he, "with the intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so." 18 U.S.C. § 2119.

Specific intent is an essential element of the offense. In the absence of showing that the defendant actually inflicted or attempted to inflict death or serious bodily harm, "the Government must prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." *Holloway v. United States*, 526 U.S. 1, 12 (1999). In other words, "the defendant need not actually attempt to kill or harm the victim, but rather must possess a 'conditional intent to do the driver harm had he not complied with the defendants' demands.'" *United States v. Hunter*, 932 F.3d 610, 623 (7th Cir. 2019) (quoting *United States v. Jones*, 188 F.3d 773, 777 (7th Cir. 1999)).

In its motion in limine, the government asks the Court to enter an order "permitting the United States to admit evidence regarding the defendant's discharge of the Hi Point C9 9mm handgun in the course of the burglary that

took place a few hours before the attempted carjacking charged in Count 4."
Dkt. 92 at 9.  The government intends to offer evidence at trial that it claims
will show that Mr. Hart burglarized an unoccupied Compunet store in
Lawrence, Indiana, between 3:30 and 4:00 a.m. on June 6, 2018, and during
that burglary discharged a handgun.  *Id.* at 4.[1]  Police found bullet holes, a
spent 9mm cartridge, and a "mangled projectile" in the Compunet store.  *Id.*
When Mr. Hart was arrested for the attempted carjacking around 7:20 a.m.
later that day, police found a Hi Point 9mm handgun on the ground near him,
*id.* at 2,[2] and items connected to the Compunet burglary  and two 9mm rounds
of ammunition in his pockets.  *Id.* at 3, 4.  The handgun was not loaded and
did not have a magazine in it.  *Id.* at 3.

The parties agree that evidence of the burglary and use of the firearm
qualifies as "other-act evidence" under Rule 404(b).  *Id.*; dkt. 93 at 1.
Generally, other-act evidence is inadmissible if used to "to prove a person's
character in order to show that on a particular occasion the person acted in
accordance with the character."  Fed. R. Evid. 404(b)(1).  However, such
evidence "may be admissible for another purpose, such as proving motive,
opportunity, intent, preparation, plan, knowledge, identity, absence of mistake,
or lack of accident."  F.R.E. 404 (b)(2).

---

[1] Mr. Hart argues that it is not clear from the surveillance footage that he was the
person that committed the burglary, but admits he possessed items taken from the
store when he was arrested later that day.  Dkt. 93 at 2.
[2] Mr. Hart argues there is nothing to suggest the gun used in the burglary and the gun
found at the arrest are the same gun.  Dkt. 93 at 2.

"[T]o overcome an opponent's objection to the introduction of other-act evidence, the proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014). In other words, other-act evidence is admissible under 404(b) only "when its admission is supported by some propensity-free chain of reasoning." *Id.* at 856. Once that showing is made, evidence offered under Rule 404(b) may still be excluded if irrelevant under Rules 401, 402, and 104, or if its probative value is "substantially outweighed by the danger of . . . unfair prejudice . . ." under Rule 403. *Id.* at 853–60.

The government argues that the evidence of the burglary and use of the firearm should be admitted for the purpose of proving Mr. Hart's "specific intent regarding the carjacking." Dkt. 92 at 7. Mr. Hart responds that, even assuming the Court were to find he committed the burglary, the evidence is irrelevant because that "he might fire a gun at a closed container in an empty store does not tend to show that the gun was loaded several hours later when he attempted to take the car," or that he would have used it. Dkt. 93 at 2.

"When a defendant is charged with a specific intent crime, the government may present other acts evidence to prove intent." *United States v. Curry*, 79 F.3d 1489, 1495 (7th Cir. 1996) (quoting *United States v. Smith*, 995 F.2d 662, 672 (7th Cir. 1993)). This is not an automatic rule of admission. *Gomez*, 763 F.3d at 858–69. The proffered evidence still must pass the *Gomez* test, but that calculus is naturally altered in a bench trial where the risks of

4

harm and prejudice are less concerning.  *Williams v. Illinois*, 567 U.S. 50, 69 (2012) ("When the judge sits as the trier of fact, it is presumed that the judge will understand the limited reason for the disclosure of the underlying inadmissible information and will not rely on that information for any improper purpose."); *United States. v. Reed*, 744 F.3d 519, 525–26 (7th Cir. 2014) (finding that any error in admitting 404(b) evidence in bench trial was harmless because the judge considered the entire scope of the evidence presented and did not unduly rely on the 404(b) evidence).

Here, Mr. Hart is charged with attempted carjacking, which is a specific intent crime, *see* 18 U.S.C. § 2119, and he has waived his right to a jury trial in favor of a bench trial.  The government seeks to introduce evidence that it claims will show that Mr. Hart was the person who burglarized the Compunet store and that he discharged a firearm during that burglary. The government argues that from these facts, the Court can draw the non-propensity inferences that (i) the gun found in close physical proximity to Mr. Hart when he was arrested was the same gun used in the burglary; and (ii) the gun was loaded at the time of the alleged attempted carjacking.  The government contends that from these facts, along with evidence that Mr. Hart pointed the gun at the victim of the attempted carjacking and said he was not getting out of the car, dkt. 92 at 3, the Court may find that Mr. Hart had the requisite *mens rea*, that is, that he "would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." *Holloway*, 526 U.S. at 12.

5

Assuming that the evidence relating to the Compunet burglary comes in at trial as anticipated and described by the government, that evidence will be admissible under Rule 404(b). The government has identified a specific, non-propensity purpose for which the facts related to the Compunet burglary are relevant, that is, proving that Mr. Hart had the conditional specific intent required to sustain a conviction under 18 U.S.C. § 2119. *See United States v. Ferrell*, 816 F.3d 433, 445–446 (7th Cir. 2015) (affirming admission of 404(b) evidence on the issue of specific intent in a healthcare fraud case); *United States v. Miller*, 673 F.3d 688, 697 (7th Cir. 2012) (finding the probative value of 404(b) evidence regarding intent may increase where the defendants "actually works to deny intent.").

Of course, whether the government's evidence is sufficient for the Court to find beyond a reasonable doubt that Mr. Hart had the specific intent to kill or seriously harm the driver of the car had that been necessary to complete taking the car remains to be seen. And while the Court acknowledges Mr. Hart's argument that the probative value of the evidence is minimal given the dissimilarity of the crimes and the fact that the gun was not loaded when he was arrested, because this is a bench trial, the risk of prejudice by admission of the evidence is also minimal. *Reed*, 744 F.3d at 525–26. That is, the risk of prejudice does not "substantially outweigh" the probative value of the evidence. F.R.E. 403.

Therefore, the evidence related to the June 6, 2018, Compunet burglary **is admissible** for the purpose of establishing Mr. Hart's specific intent at the

time of the attempted carjacking as charged in Count 4 of the superseding indictment.

### III.
### CONCLUSION

The government's motion in limine is **GRANTED**.  Dkt. [92].  As with all orders in limine, this order is preliminary and "subject to change when the case unfolds."  *Luce v. United States*, 469 U.S. 38, 41 (1984).

**SO ORDERED.**

Date: 3/7/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Harold Samuel Ansell
INDIANA FEDERAL COMMUNITY DEFENDERS
sam.ansell@fd.org

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov